IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-11-00148-CV, 10-11-00149-CV,

10-11-00150-CV,
10-11-151-CV, 10-11-00152-CV,

10-11-00153-CV and
10-11-00154-CV

 

Judith Hoce Holmes,

                                                                                    Appellant

 v.

 

Shirley Al jaafreh,

                                                                                    Appellee

 

 

 



From the County Court
at Law

Walker County, Texas

Trial Court Nos. 10499CV,
10500CV, 10501CV, 10517CV,

10518CV, 10519CV and
10520CV

 



ORDER of referral to mediation



 

            The Legislature has provided
for the resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2011).  The
policy behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. § 154.002 (Vernon 2011).  Mediation is a form of ADR.  Mediation is a mandatory
but non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that these appeals are
appropriate for mediation.  See id. § 154.021(a) (Vernon 2011); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to
confer and attempt to agree upon a mediator.  Within fourteen days after the
date of this Order, Appellant is ordered to file a notice with the Clerk of
this Court that either identifies the agreed-upon mediator or states that the
parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within
sixty days after the date the above-referenced notice agreeing to a mediator is
filed or, if no mediator is agreed upon, within sixty days after the date of
the order assigning a mediator.

            No less than seven calendar
days before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be
present during the entire mediation process, and any corporate party must be
represented by a corporate employee, officer, or agent with authority to bind
the corporate party to settlement.

            Immediately after mediation,
the mediator must advise this Court, in writing, only that the case did or did
not settle and the amount of the mediator’s fee paid by each party.  The
mediator’s fee will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
the parties must each pay the agreed-upon fee directly to the mediator.

            Failure or refusal to attend
the mediation as scheduled may result in the imposition of sanctions, as
permitted by law.  See Tex. R.
App. P. 42.3(b), (c).

            Any objection to this Order
must be filed with this Court and served upon all parties within ten days after
the date of this Order, or it is waived.

            We refer these appeals to
mediation.

 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Davis, and

        Justice
Scoggins

Order
issued and filed May 25, 2011

Do
not publish